IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUTO PARTS MANUFACTURING MISSISSIPPI
INC., a Mississippi corporation                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:11-CV-00251-GHD-SAA

KING CONSTRUCTION OF HOUSTON,
LLC, a Mississippi limited liability company;
NOATEX CORPORATION, a California corporation;
and KOHN LAW GROUP, INC., a California corporation                           DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court are several motions in the case *sub judice*: Defendant King Construction of Houston, LLC's motion for summary judgment [145]; Defendant Noatex Corporation's motion to dismiss [161]; Defendant King Construction of Houston, LLC's motion to strike [192] response and exhibits by Defendants Noatex Corporation and Defendant Kohn Law Group, Inc. to the motion for summary judgment and for an order prohibiting Robert Kohn from further participation in this action; and Defendant Kohn Law Group, Inc.'s motion to dismiss [210].[1] Upon due consideration, the Court finds as follows.

### A. Factual and Procedural History

Auto Parts Manufacturing Mississippi, Inc. ("APMM") contracted with Noatex Corporation ("Noatex") for Noatex to construct an auto parts manufacturing facility in Guntown, Lee County, Mississippi, near Toyota Motor Manufacturing, Mississippi, Inc. in Blue Springs, Mississippi. Noatex subcontracted with King Construction of Houston, LLC ("King Construction"), a Mississippi limited liability company, to provide some materials and labor for

---

[1] Also pending is a motion to appeal [227] the United States Magistrate Judge's denial of a motion to consolidate cases jointly filed by Defendants Noatex Corporation and Kohn Law Group, Inc. The Court will rule on this motion at a later date.

1

the construction. Noatex alleges that APMM owes it money for goods and services that Noatex provided to APMM under the contract. Noatex questions some of the invoices submitted to it by King Construction pertaining to the subcontract work. In response to this billing dispute between Noatex and King Construction, King Construction notified APMM on September 23, 2011, pursuant to Mississippi's "Stop Notice" Statute, Mississippi Code § 85-7-181 (the "Stop Notice statute"), that Noatex owed King Construction $260,410.15 and that King Construction was filing a "Laborer's and Materialman's Lien and Stop Notice" in the Chancery Court of Lee County, Mississippi. On the date of notification, APMM owed Noatex $179,707.40. The stop notice bound the disputed funds in APMM's hands to secure invoice claims that Noatex allegedly owed to King Construction. *See* MISS. CODE ANN. § 85-7-181 ("[T]he amount that may be due . . . shall be bound in the hands of such owner for the payment in full . . . ."). King Construction's filing of the stop notice in the *lis pendens* record of the chancery court had the effect of establishing King Construction's lien priority over the property that was the subject of the dispute. *See id.* § 85-7-197. APMM later deposited the $260,410.15 into the registry of the Chancery Court of Lee County.

The dispute resulted in three lawsuits, one of which is the case *sub judice*.[2] APMM filed this interpleader action in the Chancery Court of Lee County to determine ownership of the

---

[2] The other two lawsuits are a declaratory action and breach of contract action. Noatex filed the declaratory action (No. 3:11-cv-00137) against King Construction and its principal Carl King, challenging the facial constitutionality and constitutionality-as-applied of the Stop Notice statute. The State of Mississippi intervened as a defendant to defend the constitutionality of its statute. United States Magistrate Judge S. Allan Alexander issued a declaratory judgment in favor of Noatex, concluding that Mississippi Code § 85-7-181 violated due process and that King Construction's stop notice thus had no effect on the funds APMM had deposited in the Court's registry. On appeal, *inter alia*, the Fifth Circuit Court of Appeals affirmed the Court's determination that Mississippi's Stop Notice statute was facially unconstitutional due to the lack of procedural safeguards that amounted to a facially unconstitutional deprivation of property without due process. This ruling did not include a determination as to any of the rights of the parties to the money frozen by the stop notice. In the other suit (No. 3:11-cv-00152), Noatex sued King Construction for breach of contract in this Court claiming damages in excess of $500,000, but that action was dismissed when this Court granted Noatex's motion to voluntarily dismiss its breach of contract action without prejudice.

disputed funds subject to King Construction's stop notice, naming both Noatex and King Construction as defendants. In December of 2011, Noatex removed this interpleader action to this Court. APMM deposited the money into the Court registry. Subsequently, APMM filed an amended complaint in interpleader [135] naming Kohn Law Group, Inc. ("Kohn Law Group") as an additional defendant. The interpleaded funds are currently impounded in the Court registry pending disposition.

On May 6, 2013, King Construction filed a motion for summary judgment [145]; Noatex and Kohn Law Group jointly filed a response. On May 13, 2013, Noatex filed a motion to dismiss [161] the interpleader action for failure to state a claim; APMM filed a response; and Noatex and Kohn Law Group jointly filed a reply. On May 27, 2013, King Construction filed a motion to strike [192] the response to its summary judgment motion jointly filed by Noatex and Kohn Law Group, and also requested that the Court enter an order prohibiting attorney Robert Kohn from further participation in this action; Noatex and Kohn Law Group jointly filed a response in opposition. Finally, on June 20, 2013, Kohn Law Group filed a motion to dismiss [210] the interpleader action for failure to state a claim; APMM filed a response; and Noatex and Kohn Law Group jointly filed a reply. These matters are now ripe for review.

### B. Rule 12(b)(6) Motion to Dismiss Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.

Ct. 1937. Determining the reasonableness of such an inference is "a context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. 1937. While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). If the facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Id.* at 570, 127 S. Ct. 1955. On a Rule 12(b)(6) review, the court may consider "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–1018 (5th Cir. 1996)).

### C. *Rule 56 Motion for Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes

demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

### *D. Analysis and Discussion*

Upon due consideration, the Court finds that for the reasons stated below the allegations in the amended complaint pertaining to Kohn Law Group must be dismissed and Kohn Law Group must be dismissed as a party to this action.

The interpleader statute provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> > (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
> >
> > (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem

proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335.

The Fifth Circuit has outlined the procedure for addressing an interpleader action:

A district court has broad powers in an interpleader action. An interpleader action typically involves two stages. In the first stage the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. [CHARLES ALAN] WRIGHT, [ARTHUR R.] MILLER & [MARY KAY] KANE, [F]EDERAL PRACTICE & PROCEDURE: CIVIL 2d § 1714 (1986). If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants. *Id.* When there is no genuine issue of material fact the second stage may be adjudicated at summary judgment, and if there is a trial each claimant must prove their right to the fund by a preponderance of the evidence. *Id.* After entering a judgment in the interpleader action the district court also has the power to make all appropriate orders to enforce its judgment.

*Rhoades v. Casey*, 196 F.3d 592, 600–01 (5th Cir. 1999), *cert. denied*, 531 U.S. 924, 121 S. Ct. 298, 148 L. Ed. 2d 240 (2000).

In this interpleader action, the Court has determined that there is a single fund at issue and that there are at least two adverse claimants to that fund. *See* Ct.'s Order [236] & Mem. Op. [237] Granting APMM's Mot. Discharge [175]. This interpleader may properly include claimants who "are claiming or may claim" to be entitled to the interpleader fund. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532–33, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967) (citing 28 U.S.C. § 1335(a)(1)). However, before the Court can begin the second stage of the

6

interpleader and determine the respective rights of each claimant to the interpleader fund, <u>each</u> claimant must occupy a mutually exclusive position to the others and must proceed accordingly. *See* 28 U.S.C. § 1335(b) ("Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, <u>but are adverse to and independent of one another</u>.") (emphasis added); *White v. FDIC*, 19 F.3d 249, 251 (5th Cir. 1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting <u>mutually exclusive claims to the fund</u>") (emphasis added); *see also* 7 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d § 1714 (3d ed. 2001).

Upon being added as a defendant in the action, Kohn Law Group filed a motion to dismiss the amended complaint, arguing, *inter alia*, that Kohn Law Group must be dismissed as a party because APMM fails to plead facts that would plausibly show that any conflict exists or is likely between Noatex and Kohn Law Group. Noatex advances the same argument in its own motion to dismiss. Because the Court finds that the amended complaint in interpleader does not plausibly state that Kohn Law Group occupies an adversary position to all other claimants, the Court finds that the motions to dismiss filed by Noatex and Kohn Law Group shall be granted insofar as those motions request the dismissal of Kohn Law Group as a claimant to the interpleader fund.

The amended complaint in interpleader [135] adds Kohn Law Group as a defendant, asserting that "[e]ach of the Defendants [King Construction, Noatex, and Kohn Law Group] claims entitlement to the interpleaded funds." APMM's Am. Compl. [135] ¶ X. The amended complaint alleges that "[Kohn Law Group] . . . has done business in this State pursuant to an agreement with Noatex performed in part in this State, via its principal, Robert E. Kohn, who has

appeared in Mississippi federal district court representing Noatex in related proceedings concerning the interpleaded funds and the construction projects giving rise to the dispute between Noatex and King Construction." *Id.* ¶ IV. The amended complaint refers to the "dispute between Noatex and King Construction" and references Kohn Law Group's representation of Noatex. Kohn Law Group is next mentioned in paragraph IX, which alleges that Kohn Law Group filed a lawsuit against APMM in the United States District Court for the Central District of California, "seeking to enforce alleged account debt obligations that Noatex asserts APMM owes to Noatex" under the California Commercial Code, and further alleges that that complaint in California district court "seeks judgment in the principal amount of $260,410.15, which equals the sum of the interpleaded funds, as payment of attorney's fees [Kohn Law Group] alleges Noatex owes it pursuant to [the subject engagement agreement between Noatex and Kohn Law Group]." *Id.* ¶ IX. Noatex and Kohn Law Group correctly argue that the allegations pertaining to Kohn Law Group state in a conclusory fashion that Kohn Law Group has a claim to the interpleader fund, but does not allege facts showing that Kohn Law Group occupies an adverse position to the other defendants. Thus, the allegations in the amended complaint pertaining to Kohn Law Group shall be dismissed, and Kohn Law Group shall be dismissed as a defendant in the action, on this ground.

The engagement agreement between Kohn Law Group and Noatex, which is referenced in APMM's amended complaint, provides that Kohn Law Group will "represent [Noatex] as counsel in a dispute with [King Construction]," but that "[t]o secure the Client's [Noatex's] obligations to the Firm [Kohn Law Group], it is further agreed that the Firm [Kohn Law Group] shall have a lien upon any claim arising from the subject of this engagement, including without limitation any money, property[,] or other things of value received or to be received (directly or

indirectly) pursuant to any settlement or compromise based on such a claim or any award made or to be made in the Client's [Noatex's] favor by any tribunal based on such a claim, including any payment or award of costs or attorney fees." *See* Engagement Agreement [139-1] at 1, 4, 5.

At present, Kohn Law Group has no interest in the fund, and any dispute between it and Noatex to the fund is only speculative and hypothetical. Kohn Law Group's claim thus must be dismissed because it is not a ripe dispute for adjudication. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 719, 126 S. Ct. 2749, 165 L. Ed. 2d 723 (2006) (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) (claim that is "contingent [upon] future events that may not occur as anticipated, or indeed may not occur at all" is not ripe for adjudication)); *United States v. Ortega*, 485 F. App'x 656, 661 (5th Cir. 2012) (per curiam). By the terms of the engagement agreement, the purported lien will only come into play if Noatex is found to have rights in the fund, which may or may not happen. Such a hypothetical contingency is not ripe for adjudication. Thus, Kohn Law Group's claim must be dismissed on this ground.

Kohn Law Group's claim must also be dismissed because it was asserted after the commencement of this interpleader action, and as such may not be properly considered. *See White*, 19 F.3d at 252 ("[A]ctivity subsequent to the initiation of an interpleader action is normally immaterial in determining which claimant has a superior right to the interpleader fund."); *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 391 F. Supp. 2d 541, 563–64 (S.D. Tex. 2005 Aug. 1, 2005). *See also Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1369–1370, 1371 (9th Cir. 1997) ("The priority of claims to the res in an interpleader action must normally be determined at the time the action is initiated, and cannot be altered by events after the interpleader fund becomes viable."); *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140,

143–44 (2d Cir. 1988) ("[W]here an interpleader action is brought to have the court determine which of two parties has priority with respect to the interpleader fund, the court should normally determine priority as of the time the fund was created."). As stated by the Ninth Circuit, "[a]s the entire point of an interpleader action is to resolve then competing rights and claims, it makes perfect sense that the action itself cannot be used as a vehicle for further jockeying for claim position." *Ponsoldt*, 118 F.3d at 1370. The date a statutory interpleader is "commenced" is the date when the interpleader fund is deposited with the Court. *Id.* at 1369; *Avant Petroleum*, 853 F.2d at 143, 144; *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976) (citing 28 U.S.C. §1335) ("[T]he deposit requirement is a jurisdictional prerequisite to a suit under the interpleader statute.)). The language of 28 U.S.C. § 1335(a)(2) reflects this point: "The district courts shall have original jurisdiction of any civil action of interpleader . . . if . . . the plaintiff has deposited such money . . . into the registry of the court . . . ."

The commencement of this interpleader action was either February 2, 2012, the date the funds were initially deposited into the Court registry, or December 11, 2012, the date the funds were re-deposited into the Court registry, following the Magistrate Judge's *sua sponte* recall of her Order remanding the case to state court. Kohn Law Group's purported lien to any recovery by Noatex in this action was first asserted in APMM's amended complaint in interpleader on April 24, 2013, well after the commencement of the interpleader action. If, as Kohn Law Group and Noatex maintain, the lien was in effect prior to the filing of this interpleader action, it was not asserted until well after the interpleader action was filed and the funds were deposited in the Court registry. Therefore, Kohn Law Group's claim must be dismissed on this ground, as well.

For all of the foregoing reasons, Kohn Law Group's claim must be dismissed. The Court notes that Kohn Law Group has already brought an action in the United States District Court for

the Central District of California to enforce its asserted lien against Noatex in the event that this Court finds that Noatex has rights in the interpleader fund. With the dismissal of Kohn Law Group as a party, as it has been from the beginning of this action, two diverse claimants have adverse to the interpleader fund: King Construction and Noatex.

Noatex's and Kohn Law Group's argument that Kohn Law Group should be dismissed as a party to the action is well taken, and Noatex's motion to dismiss and Kohn Law Group's motion to dismiss shall be granted on that shared ground. However, the other arguments in the motions to dismiss are not well taken, as APMM has stated an interpleader action between King Construction and Noatex; therefore, the motions to dismiss are denied on all other grounds.

With respect to King Construction's motion for summary judgment, the Court notes that the determination of the rights of possible claimants may be resolved by summary judgment only when there is no genuine dispute of material fact. *See Rhoades*, 196 F.3d at 600. The arguments raised with respect to King Construction's motion for summary judgment merely highlight several genuine disputes of material fact, including but not limited to the circumstances of the contractual relationship between King Construction and Noatex, that preclude dismissal at this juncture. Thus, the second stage of this interpleader action may not be fully adjudicated at summary judgment; the interpleader action must proceed to trial.

Finally, the Court addresses King Construction's motion to strike [192] Noatex's and Kohn Law Group's response in opposition [178] and supporting memorandum brief [180] to King Construction's motion for summary judgment [145] and for the Court to enter an order prohibiting attorney Robert Kohn from further participation in the litigation absent approval of an application for admission *pro hac vice*. King Construction maintains that "Mr. Kohn obviously drafted the above-referenced pleadings [sic], and such conduct . . . constitutes

11

impermissible 'ghostwriting' that violates Federal Rule of Civil Procedure 11 and the Mississippi Rules of Professional Conduct." King Construction contends that the joinder of Kohn Law Group as a defendant created a conflict of interest that requires Mr. Kohn to withdraw as Noatex's counsel.

Noatex and Kohn Law Group argue in response that until one day before their counsel, James C. Simpson, Jr., filed the response to King Construction's motion for summary judgment, Mr. Kohn acted openly as counsel of record for Noatex. Noatex and Kohn Law Group further argue that it was necessary for both Mr. Simpson and Mr. Kohn to prepare the response in opposition to King Construction's motion for summary judgment, because until the Court relieved Mr. Kohn as counsel on May 22, 2013, both Mr. Kohn and Mr. Simpson were counsel for Noatex. *See* UNIF. LOC. CIV. R. 83(b)(3) ("When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by former order of the court"). Noatex and Kohn Law Group also argue that because Mr. Kohn is the openly acknowledged principal of Kohn Law Group he is not required to appear as new counsel of record for Kohn Law Group as a condition of communicating with Mr. Simpson, the current counsel of record for Noatex and Kohn Law Group.

Using its inherent power, this Court may impose sanctions on a party or attorney who engages in "acts which degrade the judicial system, including . . . fraud, misleading and lying to the Court." *Chambers v. NASCO*, 501 U.S. 32, 42, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Upon careful review, the Court finds that the motion to strike is not well taken and shall be denied, as it is not supported by the record. However, the Court cautions that an attorney who ghostwrites motion briefs and pleadings is acting unethically and is subject to sanctions. *See Falconer v. Lehigh Hanson, Inc.*, No. 4:11–CV–373, 2013 WL 3480382, at *6 n.2 (S.D. Tex.

July 9, 2013); *Nelson v. Lake Charles Stevedores, L.L.C.*, No. , 2012 WL 4960919, at *5 (W.D. La. Oct. 17, 2012); *Davis v. Back*, No. 3:09v557, 2010 WL 1779982, at *13 (E.D. Va. Apr. 29, 2010); *Anderson v. Duke Energy Corp.*, No. 3:06cv–399, 2007 WL 4284904, at *1 n.1 (W.D. N.C. Dec. 4, 2007). This matter is subject to further inquiry if the Court deems it appropriate as the case proceeds.

## *E. Conclusion*

In sum, the Court finds as follows:

(1) Defendant King Construction of Houston, LLC's motion for summary judgment **[145]** is **DENIED**;

(2) Defendant Noatex Corporation's motion to dismiss **[161]** is **GRANTED IN PART AND DENIED IN PART**, specifically, granted only insofar as it argues that Defendant Kohn Law Group, Inc. should be dismissed as a party to the action;

(3) Defendant King Construction of Houston, LLC's motion to strike **[192]** response and exhibits by Defendants Noatex Corporation and Defendant Kohn Law Group, Inc. to the motion for summary judgment and for an order prohibiting Robert Kohn from further participation in this action is **DENIED WITHOUT PREJUDICE**;

(4) Defendant Kohn Law Group, Inc.'s motion to dismiss [210] is **GRANTED IN PART AND DENIED IN PART**, specifically, granted only insofar as it argues that Defendant Kohn Law Group, Inc. should be dismissed as a party to the action; and

(5) Defendant Kohn Law Group, Inc. is **DISMISSED AS A PARTY** to the proceeding.

An order in accordance with this opinion shall issue this day.

THIS, the 24 day of March, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE