IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUTO PARTS MANUFACTURING MISSISSIPPI
INC., a Mississippi corporation                                         PLAINTIFF

v.                                              CIVIL ACTION NO. 1:11-cv-00251-GHD-SAA

KING CONSTRUCTION OF HOUSTON,
LLC, a Mississippi limited liability
company; NOATEX CORPORATION,
a California corporation; and KOHN LAW
GROUP, INC., a California corporation                                   DEFENDANTS

**MEMORANDUM OPINION GRANTING PLAINTIFF AUTO PARTS**
**MANUFACTURING MISSISSIPPI, INC.'S**
**MOTION FOR ENFORCEMENT OF PERMANENT INJUNCTION**

Presently before the Court is Plaintiff Auto Parts Manufacturing Mississippi, Inc. ("APMM")'s[1] motion for enforcement of the Court's injunction against Defendant Kohn Law Group, Inc. ("Kohn Law Group")[2] [282]. The Court held an evidentiary hearing on the motion on August 23, 2016 and allowed post-hearing briefing on the motion. Upon due consideration of the motion, response, reply, corresponding briefing, testimony and evidence, and post-hearing briefing, the Court finds that Kohn Law Group has violated this Court's permanent injunction by pursuing litigation against APMM in the United States District Court for the Central District of California in the case styled *Kohn Law Group Inc. v. Auto Parts Manufacturing Mississsissippi Inc., et al.*, No. 2:12-cv-08063-MWF-MRW (C.D. Calif. 2012). The reasoning for this decision is set forth below.

---

[1] The Court notes that Auto Parts Manufacturing Mississippi Inc. was terminated as a party plaintiff in this cause on March 3, 2014.

[2] The Court notes that Kohn Law Group, Inc. was terminated as a party defendant in this cause on March 24, 2014.

## I. Factual and Procedural History

Although this complex interpleader action has been closed by reason of settlement since October 20, 2014, the Court finds it necessary to set forth the factual and procedural background, as the same has a bearing on this Court's determination with regard to the case now pending in the United States District Court for the Central District of California.

APMM entered into a contract with Noatex Corporation ("Noatex") for Noatex to construct an auto parts manufacturing facility in Guntown, Lee County, Mississippi, near Toyota Motor Manufacturing, Mississippi, Inc. in Blue Springs, Mississippi. Noatex subcontracted with King Construction of Houston, LLC ("King Construction"), a Mississippi limited liability company, to provide some materials and labor for the construction.

In the case sub judice, Noatex alleged that APMM owed it money for goods and services that Noatex provided to APMM under the contract. Noatex questioned some of the invoices submitted to it by King Construction pertaining to the subcontract work. In response to this billing dispute between Noatex and King Construction, King Construction notified APMM on September 23, 2011, pursuant to Mississippi's "Stop Notice" Statute, Mississippi Code § 85-7-181, that Noatex owed King Construction $260,410.15 and that King Construction was filing a "Laborer's and Materialman's Lien and Stop Notice" in the Chancery Court of Lee County, Mississippi. The stop notice bound the disputed funds in APMM's hands to secure invoice claims that Noatex allegedly owed to King Construction. *See* Miss. Code Ann. § 85-7-181 ("[T]he amount that may be due . . . shall be bound in the hands of such owner for the payment in full . . . ."). King Construction's filing of the stop notice in the lis pendens record of the chancery court had the effect of establishing King Construction's lien priority over the property that was the subject of the dispute. *See id.* § 85-7-197. APMM later deposited the $260,410.15

2

in the registry of the Chancery Court of Lee County.

The dispute resulted in three lawsuits, one of which was the case sub judice.[3] APMM originally filed this action in the Chancery Court of Lee County to determine ownership of the disputed funds subject to King Construction's stop notice, naming both Noatex and King Construction as defendants. In December of 2011, Noatex removed this action to this Court. APMM deposited the money into the Court registry and filed an amended complaint in interpleader [135] naming Kohn Law Group as an additional defendant. APMM then filed a motion to discharge itself as a disinterested stakeholder in the action.

On March 3, 2014, this Court entered an Order [236] and memorandum opinion [237] finding that the action was a 28 U.S.C. § 1335 interpleader in which three parties claimed entitlement to the fund: King Construction on one side and Noatex and Kohn Law Group on the other side. The Court discharged APMM as a disinterested stakeholder in the interpleader action and ordered that King Construction, Noatex, and Kohn Law Group were "enjoined from filing any proceedings against APMM relating to the interpleader fund without an order of this Court allowing the same." *See* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1.

---

[3] The other two lawsuits were a declaratory judgment action and breach of contract action. Noatex filed the declaratory action (No. 3:11-cv-00137) against King Construction and its principal Carl King, challenging the facial constitutionality and constitutionality-as-applied of the Stop Notice statute. The State of Mississippi intervened to defend the constitutionality of its statute. United States Magistrate Judge S. Allan Alexander issued a declaratory judgment in favor of Noatex, concluding that Mississippi Code § 85-7-181 violated due process and that King Construction's stop notice thus had no effect on the funds APMM had deposited in the Court's registry. On appeal, inter alia, the Fifth Circuit Court of Appeals affirmed the Court's determination that Mississippi's Stop Notice statute was facially unconstitutional due to the lack of procedural safeguards that amounted to a facially unconstitutional deprivation of property without due process. *See Noatex Corp. v. King Constr. of Houston, L.L.C.*, 732 F.3d 479 (5th Cir. 2013). This ruling did not include a determination as to any of the rights of the parties to the money frozen by the stop notice.

In the other suit (No. 3:11-cv-00152), Noatex sued King Construction for breach of contract in this Court claiming damages in excess of $500,000, but that action was dismissed when this Court granted Noatex's motion to voluntarily dismiss its breach of contract action without prejudice.

Defendants Noatex and Kohn Law Group filed motions to dismiss Kohn Law Group, and this Court granted those motions insofar as the same requested the dismissal of Kohn Law Group as a claimant to the interpleader fund, finding that APMM failed to plead facts that would plausibly show an existing conflict between Kohn Law Group and any other claimant. The Court noted in the memorandum opinion [244] relative to the same that Kohn Law Group had already brought the action in the United States District Court for the Central District of California to enforce its asserted lien against Noatex in the event that this Court found that Noatex had rights in the interpleader fund. *See Auto Parts Mfg. Miss., Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir.), *cert. denied sub nom. Noatex Corp. v. Auto Parts Mfg. Miss. Inc.*, 136 S. Ct. 330, 193 L. Ed. 2d 230 (2015). Subsequently, the parties entered into an agreement to settle the dispute. Under the terms of the settlement agreement, which is attached and made part of the public record of the case sub judice, *see* Settlement Agreement & Mutual Release [263-1], the interpleader fund was disbursed as follows: not less than $109,750.00 to King Construction and not less than $150,660.15 to Noatex with any additional funds in the registry to be distributed equally between King Construction and Noatex. *See id.* at 6 ¶¶ 2–3. With this factual and procedural background in mind, the Court turns to the legal standards governing the issues before it.

## II. *The Interplay of Interpleader, Permanent Injunctions, and Civil Contempt*

Interpleader offers a procedural protection for the stakeholder willing to deposit the amount into the court registry from the expenses and risks of defending the action; the idea is that the stakeholder gives up the money and allows those among whom the dispute really exists to fight it out at their own expense and in turn the stakeholder is shielded from the liability of defending multiple possible lawsuits. *See Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir.

2006) ("The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund."); *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983).

The Court "has broad powers in an interpleader action." *See Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2001). Title 28 U.S.C. § 2361 "expressly authorizes a district court to enter an order restraining claimants 'from instituting or prosecuting any proceeding in any State or United States court affecting the property . . . involved in the interpleader action until further order of the court.' " *Auto Parts Mfg. Miss., Inc.*, 782 F.3d at 195 (quoting 28 U.S.C. § 2361). "Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. Although Rule 65 of the Federal Rules of Civil Procedure generally governs the issuance of injunctions and restraining orders, Rule 65 "do[es] not modify . . . 28 U.S.C. § 2361, which relates to . . . injunctions in actions of interpleader or in the nature of interpleader[.]" Fed. R. Civ. P. 65(e)(2).[4]

In the case sub judice, this Court "enjoined [King Construction, Noatex, and Kohn Law Group] from filing any proceedings against APMM relating to the interpleader fund without an order of this Court allowing the same." *See* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1.

---

[4] Rule 65(e)(2) does not apply to Rule 22 interpleader actions. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2958 (3d ed. 2001). However, this interpleader action was a 28 U.S.C. § 2361 statutory interpleader, not a Rule 22 interpleader. *See* Ct.'s Mem. Op. [237] Granting APMM's Mot. Discharge or Discharge Pl. [175] at 4–6. Therefore, this distinction is immaterial.

In accordance with the interpleader statute and the issuance of a permanent injunction, this Court may "make all appropriate orders to enforce its judgment." *See* 28 U.S.C. § 2361; *Rhoades*, 196 F.3d at 600–01. *See also Peacock v. Thomas*, 516 U.S. 349, 356–57, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996) (federal court has "inherent power to enforce its judgments"); *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993) ("When a court issues an injunction, it automatically retains jurisdiction to enforce it.").[5]

The matter before the court is a civil contempt proceeding wherein APMM asks this Court to find Kohn Law Group in contempt of the Court's permanent injunction. "A court's ability to punish contempt is thought to be an inherent and integral element of its power and has deep historical roots." Wright & Miller, Federal Practice & Procedure § 2960. A court's inherent contempt authority as a power "necessary to the exercise of all others." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994) ("Courts independently must be vested with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and to preserve themselves and their officers from the approach and insults of pollution."); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (contempt powers are "the most prominent" of court's inherent powers "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court"). "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *DeStephano v. Broadwing*

---

[5] The United States District Court for the Central District of California recently stated in an Order dated April 28, 2016: "The Mississippi court is intimately familiar with the underlying litigation and is in a better position than this Court to determine whether [Kohn Law Group] has violated its order. . . . [O]nly the Mississippi court can enforce its injunction and prohibit [Kohn Law Group] from prosecuting this action. *See Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964) (holding that only the issuing court may enforce its injunction)." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., et al.*, No. 2:12-cv-08063-MWF-MRW, Order Denying Pl.'s Ex Parte Applic. for TRO [96] at 2–3.

*Commc'ns, Inc.*, 48 F. App'x 103, at *2 (5th Cir. 2002) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). "One proper purpose of a civil contempt sanction is to coerce the contumacious party into compliance with the court's order." *Id.* at *3 (citing *Am. Airlines*, 228 F.3d at 585).

With the foregoing legal standards in mind, the Court turns to the parties' arguments with respect to the permanent injunction issue.

### *III. Parties' Arguments*

APMM argues that Kohn Law Group has violated the permanent injunction previously entered by this Court in that Kohn Law Group has continuously pursued litigation against APMM in the United States District Court for the Central District of California in an action originally filed while the interpleader action was pending before this Court. *See Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss. Inc., et al.*, No. 2:12-cv-08063-MWF-MRW (C.D. Calif. 2012) (the "California district court case"). APMM further argues that Kohn Law Group has taken specific actions in violation of this Court's permanent injunction in the California district court case, including: opposing dismissal of its original complaint that sought relief against APMM for the interpleader fund; obtaining permission to file a first amended complaint (hereinafter, "FAC") seeking judgment against APMM of an amount including the now-disbursed interpleader fund; filing the same; opposing dismissal of the FAC; and proceeding with further litigation, including filing a motion for summary judgment seeking judgment in the amount of the interpleader. APMM requests that this Court enforce its permanent injunction and require Kohn Law Group to promptly cease and dismiss legal proceedings against APMM in the California district court case; APMM states, however, that it does not at this time seek monetary sanctions against Kohn Law Group for civil contempt.

Kohn Law Group argues in response that it has not acted in violation of the Court's permanent injunction in that the California district court case does not pertain to the interpleader action or interpleader funds that have now been disbursed. Kohn Law Group argues, inter alia, the following in support of denying APMM's motion for relief: the interpleader cannot protect APMM from liability in excess of the interpleader fund itself; the Court did not determine whether King Construction or Noatex had any interest(s) in the fund; the FAC in the California district court action asserts a claim for unpaid liabilities owed by APMM to Noatex that are independent of APMM's liabilities claimed by King Construction; and the claims asserted against APMM exceed the amount of the interpleader fund.

At the hearing on APMM's motion to enforce the permanent injunction, APMM emphasized its position that APMM paid to Noatex the sums of $35,522.46 and $17,848.95, and that those payments reduced the unpaid balance to $260,410.15, the amount of the interpleader. *See* Nishiyama Decl. [305-25] ¶ 10 ("APMM made payments to Noatex in February 2012 that reduced the unpaid balance to $260,410.15 on those invoices."). APMM further stated that the amount sought by Kohn Law Group in the motion for summary judgment now pending in the California district court case is $260,410.15, the amount of the interpleader.

In response, Kohn Law Group emphasized its position that the California district court case is an attempt to recover debts owed to Noatex that are entirely independent of debts owed or not owed by APMM to King Construction and not debts in connection with the interpleader fund, and that the total of all liabilities allegedly owed by APMM is more than $1 million and thus greatly in excess of the interpleader fund.

### *IV. Analysis and Discussion*

"A movant in a civil contempt proceeding bears the burden of establishing by clear and

8

convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

In the case sub judice, clearly, (1) this Court's permanent injunction was in effect and (2) that permanent injunction requires all parties to refrain from instituting actions relating to the interpleader fund. Therefore, APMM has met its burden on the first two contempt elements. The issue before the Court is thus whether APMM has met its burden on the third contempt element to show that Kohn Law Group failed to comply with the permanent injunction.

While the interpleader action was pending, on September 18, 2012, Kohn Law Group commenced the California district court case on the basis of diversity jurisdiction, seeking recovery pursuant to Section 9607(a) and subdivision (3) of the California Commercial Code and characterizing Kohn Law Group as a creditor, Noatex as a debtor, and APMM as the account debtor that allegedly owed Noatex the amount at stake in the interpleader action.[6] The California district court stated in its Order dated December 11, 2012:

> Practically speaking, Kohn [Law Group]'s Complaint asks this Court to short-circuit the ongoing Mississippi interpleader action as to this $260,410.15 and award the funds to Kohn [Law Group]. APMM's Motion asks this Court to dismiss (or alternatively to stay) Kohn [Law Group]'s attempt to do so. The Court declines to dismiss the action but will enter a stay . . . until the Mississippi interpleader action is resolved.
>
> . . .
>
> To the extent Noatex is entitled to the $260,410.15, Kohn [Law Group] properly may litigate this lawsuit to collect that amount from APMM. However, given the ongoing Mississippi interpleader action, at this stage the Court will not interject itself to adjudicate the question at the heart of that action – i.e., whether

---

[6] In the hearing on the present motion to enforce permanent injunction, the Court took judicial notice of, inter alia, all filings in the California district court case.

> Noatex is entitled to the $260,410.15. A stay of these proceedings in favor of the ongoing Mississippi interpleader action therefore is appropriate. Significantly, if Kohn [Law Group] is joined as a party, the Mississippi court may award Kohn [Law Group] the $260,410.15 as part of the interpleader action. Alternatively, if Kohn [Law Group] is correct, and APMM cannot maintain the interpleader action, then the stay soon may be lifted.

Order [23 in No. 2:12-cv-08063-MWF-MRW] at 3-4, 5. At that time, unquestionably, Kohn Law Group sought recovery related to the interpleader. However, at that time, this Court had not yet entered its permanent injunction.

This Court entered that permanent injunction on March 3, 2014 in its Order discharging APMM as a plaintiff in the interpleader. The Court specifically "enjoined [King Construction, Noatex, and Kohn Law Group] from filing any proceedings against APMM relating to the interpleader fund without an order of this Court allowing the same." *See* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1. Subsequently, on December 3, 2015, Kohn Law Group filed its FAC in the California district court case and continued to pursue recovery against APMM. On April 14, 2016, APMM filed the present motion to reopen the case sub judice and enforce this Court's permanent injunction [282]. Two weeks later, the California district court stated in an Order that the issue of whether Kohn Law Group's FAC in the California district court case violated said permanent injunction was for this Court to decide, particularly because this Court can enforce its permanent injunction and prohibit Kohn Law Group from prosecuting this action. *See* Ct.'s Order Denying Pl.'s Ex Parte Applic. for TRO [96 in No. 2:12-cv-08063-MWF-MRW] at 3.

Therefore, at this juncture, it is the office of this Court to determine whether Kohn Law Group's FAC violates the terms of the permanent injunction entered in this case. The pursuit of litigation against APMM "relating to the interpleader fund" is expressly prohibited by the

Court's permanent injunction without an order from this Court allowing such litigation. Because this Court has not entered an order allowing such litigation, if in fact Kohn Law Group is pursuing litigation against APMM relating to the interpleader fund, it is doing so in direct violation of the permanent injunction. *See* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1.

In the FAC, Kohn Law Group alleges that it seeks "to enforce certain unpaid obligations (though, not all of the obligations) that [APMM] owes to [Noatex]" as "part of an account that is owed to [Noatex]" in the amount of $313,781.56, as of January 23, 2012. FAC [66 in No. 2:12-cv-08063-MWF-MRW] ¶¶ 1–2. A few allegations in the FAC refer to alleged debts that may or may not include the interpleader fund. *See id.* ¶ 10 ("APMM's unpaid account to Noatex includes obligations to pay Noatex for tools . . ., supplies . . . equipment[,] and installation services . . . that Noatex provided to APMM" and "additional debts . . . which this action does not seek to collect"). However, the crux of Kohn Law Group's FAC is the amount that was frozen by the stop notice, that is, the amount of the interpleader fund.

The FAC asserts: "[King Construction] had claimed to have frozen the debts owed by APMM to Noatex . . . by invoking the 'Stop Notice' provisions of Miss[issippi] Code § 85-7-181 (now repealed)" or "[a]dditionally, or alternatively . . . invok[ing] the 'Laborer's and Materialman's Lien' provisions of Miss[issippi] Code §§ 85-7-131 and -135." *Id.* ¶ 4. The FAC further asserts that APMM withheld $260,410.15 (the amount interpled in the case sub judice) from Noatex, "invoking the . . . Stop Notice as one of several asserted reasons for non-payment." *Id.* ¶ 8. Kohn Law Group avers: "Noatex agrees that the money owed to Noatex which King Construction had tried to bind in APMM's hands, by issuing the Stop Notice under [Mississippi Code Annotated] § 85-7-181 on September 23, 2011, is subject to the lien of Kohn Law [Group]

as provided in the engagement agreement." *Id.* ¶ 29.

Kohn Law Group avers that "Noatex has no interest in any of APMM's liabilities that may be owed to King Construction" and thus "Kohn Law [Group] does not assert a lien upon any claimed liabilities to King Construction that APMM may owe," *id.* ¶ 31, and that Kohn Law Group "does not assert a lien upon any funds that were deposited by APMM and subsequently distributed to King Construction or Noatex from the court registry in the interpleader case," *id.* ¶ 32. Kohn Law Group claims it "is now entitled to collect the unpaid balance of the obligations stated in the account of $313,781.56 on January 23, 2012," because "APMM relied upon King Construction's invocation of the disputed Stop Notice . . . as one of the reasons for not paying Noatex." *Id.* ¶ 35.[7]

Although the FAC seemingly refers to both the amount in the interpleader fund and other debts allegedly owed by APMM to Noatex, the venue allegations in the FAC identify "**the only property that is the subject of this action—namely, the unpaid portion of APMM's previously[] frozen indebtedness owed to Noatex.**" *Id.* ¶ 19 (emphasis added). Therefore, the FAC apparently seeks $313,781.56, an amount in excess of the interpleader fund, but by its own terms limits the subject property to the "unpaid portion of APMM's previously[] frozen indebtedness to Noatex." *See id.*

In the hearing on APMM's motion to enforce permanent injunction, APMM referenced the declaration of Noatex president Osamu Nishiyama, wherein he stated that "APMM made payments to Noatex in February 2012 that reduced the unpaid balance to $260,410.15 on those invoices." *See* Nishiyama Decl. [305-25] ¶ 10. As stated above, the exact amount of the

---

[7] Incidentally, the FAC asserts that as of September 23, 2011, the unpaid amount owed by APMM or Noatex was claimed to be $260,410.15, which was the exact amount of the interpleader fund. The FAC also asserts that APMM owed Noatex $179,707.40—the same amount APMM owed Noatex on the date of notification of the stop notice.

12

interpleader fund was $260,410.15.

In the motion for summary judgment now pending in the California district court case, which this Court took judicial notice of in the hearing on the present motion, Kohn Law Group "move[s] for summary judgment and the entry of judgment against [APMM] in the unpaid amount of $260,410.15 that APMM owes to Noatex Corporation, plus interest accrued thereon at 10 percent per annum from December 21, 2011 until the date of entry of judgment . . . ." *See* Mot. Summ. J. [107 in No. 2:12-cv-08063-MWF-MRW] at 2. Therefore, Kohn Law Group seeks judgment in the California district court case in the exact amount of the interpleader fund. In direct contradiction of the statements made to this Court in Kohn Law Group's response, briefing, and arguments in the hearing on the pending motion to enforce permanent injunction, Kohn Law Group argues in its motion for summary judgment in the California district court case that it "is entitled to judgment as a matter of law against [APMM] for those debts that [APMM] withheld from Noatex, partly in response to the 'Laborer's and Materialman's Lien and Stop Notice' issued by King Construction of Houston, LLC on September 12, 2011." *See id.* at 2. Again, Kohn Law Group is apparently referring to other alleged debts owed by APMM to Noatex, but is limiting its desired recovery to the exact amount of the interpleader fund.

Not only does the interpleader fund play a feature role in the FAC, but as alleged in the FAC, it is also the sole connection between APMM and Kohn Law Group. Kohn Law Group alleges that "Noatex has defaulted on a secured obligation to Kohn Law [Group][] and because the unpaid account liabilities owed to Noatex are part of the collateral that secured the obligation of Noatex to Kohn Law [Group]," Kohn Law Group is entitled to collect these alleged debts allegedly owed by APMM to Noatex. FAC ¶ 3. Kohn Law Group attaches to its FAC a redacted copy of the written engagement agreement concerning the scope of Kohn Law Group's legal

13

representation of Noatex "that conferred that lien" which "extended to any claim to collect those funds in the hands of APMM." *See id.* ¶¶ 3, 6–7.

Kohn Law Group similarly argues in its motion for summary judgment in the California district court case that "[Kohn Law Group] is entitled to enforce those debts, . . . because those debts were the subject of the engagement agreement for litigating the dispute between Noatex and King Construction, and because that [engagement] agreement confers a lien in favor of Plaintiff." *See* Mot. Summ. J. at 2.

Therefore, according to the FAC and motion for summary judgment in the California district court case, Kohn Law Group's sole connection to APMM is through the business relationship between APMM and Noatex, and only then due to the engagement agreement concerning the scope of legal representation by Kohn Law Group of Noatex in the dispute with King Construction. The relationship among these parties is illustrated in the infographic below:



The subject engagement agreement was made an issue in the interpleader action when Kohn Law Group filed a motion to compel arbitration of their dispute pursuant to the terms of that engagement agreement. The engagement agreement, dated October 5, 2011, provides in pertinent part that Kohn Law Group will "represent [Noatex] as counsel in a dispute with [King Construction]," but that "[t]o secure [Noatex's] obligations to [Kohn Law Group], it is further

agreed that [Kohn Law Group] shall have a lien upon any claim arising from the subject of this engagement, including without limitation any money, property[,] or other things of value received or to be received (directly or indirectly) pursuant to any settlement or compromise based on such a claim or any award made or to be made in [Noatex's] favor by any tribunal based on such a claim, including any payment or award of costs or attorney fees." *See* Engagement Agreement [139-1] at 1, 4, 5. The dispute stemmed from a contract between Noatex and King Construction arising from their contractor-subcontractor relationship and found a vehicle in the interpleader action.

As stated above, this Court's permanent injunction forbids any attempt to "fil[e] any proceedings against APMM <u>relating to the interpleader fund</u> without an order of this Court allowing the same." *See* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1 (emphasis added). Kohn Law Group's allegations "relat[e] to the interpleader fund"; in fact, the allegation pertaining to the situs of the property in dispute in the California district court case identifies the amount in the interpleader fund as the "only property that is the subject of this action." *See* FAC [66 in 2:12-cv-08063-MWF-MRW] ¶ 19.

For Kohn Law Group to now claim to this Court that the allegations in its FAC do not relate to the interpleader fund is utterly nonsensical. From the roots of the interpleader action before this Court sprung the California district court case. Kohn Law Group has continued to pursue that litigation—which this Court's permanent injunction expressly prohibits. APMM has demonstrated that Kohn Law Group failed to comply with the permanent injunction and has satisfied its burden to show contempt by clear and convincing evidence. The Court's judgments, decrees, and orders must not be a mere filament.

## V. *Conclusion*

Accordingly, Plaintiff Auto Parts Manufacturing Mississippi Inc.'s motion to reopen and for enforcement of injunction against Defendant Kohn Law Group, Inc. [282] is GRANTED. The Court holds Defendant Kohn Law Group, Inc. in CIVIL CONTEMPT of the Court's permanent injunction dated March 3, 2014 due to the filing and subsequent pursuit of the litigation styled *Kohn Law Group, Inc. v. Auto Parts Manufacturing Mississippi Inc., et al.*, No. 2:12-cv-08063-MWF-MRW, which is currently pending in the United States District Court for the Central District of California. Defendant Kohn Law Group may purge itself of contempt by ceasing and desisting pursuit of the aforementioned case. This may be accomplished by filing a motion to dismiss with prejudice all claims in the California district court case.

The Court withholds the matter of imposition of sanctions until 30 days after the date hereof.

An order in accordance with this opinion shall issue this day.

THIS, the 6th day of October, 2016.

_____
SENIOR U.S. DISTRICT JUDGE