IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUTO PARTS MANUFACTURING MISSISSIPPI
INC., a Mississippi corporation                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 1:11-cv-00251-GHD-SAA

KING CONSTRUCTION OF HOUSTON,
LLC, a Mississippi limited liability
company; NOATEX CORPORATION,
a California corporation; and KOHN LAW
GROUP, INC., a California corporation                                        DEFENDANTS

## MEMORANDUM OPINION DENYING DEFENDANT KOHN LAW GROUP, INC.'S MOTION TO REVISE AND REVERSE THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ENFORCEMENT OF PERMANENT INJUNCTION

Presently before the Court is the Defendant Kohn Law Group, Inc. ("Kohn Law Group")'s motion to revise and reverse [322] this Court's October 6, 2016 Order [320] and memorandum opinion [321] granting Plaintiff Auto Parts Manufacturing Mississippi, Inc. ("APMM")'s motion for enforcement of permanent injunction [282]. Upon due consideration, the Court finds that the motion to revise and reverse [322] should be **DENIED**.

On October 6, 2016, by the aforementioned Order [320] and memorandum opinion [321], this Court found Kohn Law Group in civil contempt of the Court's permanent injunction dated March 3, 2014, due to the filing and subsequent pursuit of the litigation styled *Kohn Law Group, Inc. v. Auto Parts Manufacturing Mississippi Inc., et al.*, No. 2:12-cv-08063-MWF-MRW (the "California district court case"), which is currently pending in the United States District Court for the Central District of California. This Court further ordered that Kohn Law Group could purge itself of contempt by ceasing and desisting pursuit of the aforementioned case

1

by filing a motion to dismiss in the California district court case. The Court stated that it would withhold the matter of imposition of sanctions until 30 days after the Court's Order, that is, November 8, 2016.

On November 3, 2016, Kohn Law Group filed the present motion to revise and reverse [322] the Court's Order and memorandum opinion finding Kohn Law Group in contempt of Court. APMM filed a response, and Kohn Law Group filed a reply. The matter is now ripe for review.[1]

The issue of sanctions has not yet been reached in the case *sub judice*. The Court's Order [320] and memorandum opinion [321] finding Kohn Law Group in contempt of court is not a judgment, is not final, and is not appealable, because no modification has been made to the permanent injunction in this case. See *W. Water Mgmt., Inc. v. Brown*, 40 F.3d 105, 108 n.1 (5th Cir. 1994) (citing *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 398 (5th Cir. 1987) ("a contempt decision is not final and appealable until the appropriate sanction for contempt has been ordered" unless court modifies injunction itself)); *Rivers v. Miller*, 112 F.2d 439, 442 (5th Cir. 1940) ("so much of the order as adjudged defendants guilty of contempt is not appealable").[2]

---

[1] The Court notes that the United States District Court for the Central District of California has entered orders staying that case pending the resolution of this matter.

[2] The Fifth Circuit has stated that in contempt proceedings concerning the enforcement of injunctions even "the imposition of a contempt sanction is not a judgment on the merits of the action" and is not appealable unless the validity of the injunction itself is questioned on appeal. *Dominguez-Perez v. Chertoff*, 294 F. App'x 981, 983 (5th Cir. 2008) (per curiam) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)); *Police Ass'n of New Orleans Through Cannatella v. City of New Orleans*, 100 F.3d 1159, 1166 (5th Cir. 1996). In the case *sub judice*, Kohn Law Group already appealed the validity of the injunction itself to the Fifth Circuit Court of Appeals, and the Fifth Circuit affirmed this Court's issuance of the injunction; the United States Supreme Court denied the subsequent writ of *certiorari* on this issue. *See Auto Parts Mfg. Mississippi, Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 198 (5th Cir.), *cert. denied sub nom. Noatex Corp. v. Auto Parts Mfg. Mississippi Inc.*, 136 S. Ct. 330, 193 L. Ed. 2d 230 (2015).

Further, Kohn Law Group's present motion to revise and reverse [322] cannot be construed as a either a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment or a Federal Rule of Civil Procedure 60(b) motion for relief from judgment or order. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).

In its motion, Kohn Law Group engages in linguistic acrobatics, challenging the holdings of the Court in the most recent Order [320] and memorandum opinion [321], as well as the holdings, dicta, and very syntax in the Court's prior Orders and opinions in the case. The Court stands by its rulings in the case *sub judice* and notes that the Fifth Circuit Court of Appeals has affirmed this Court on all matters raised on appeal in the matter. Therefore, the Court need not and does not address these arguments, as the same have been addressed at length in prior Orders and memorandum opinions and in the Fifth Circuit's rulings, as well.

Kohn Law Group further argues that it has not violated this Court's permanent injunction by pursuing the California district court action against APMM. The Court has carefully considered its decision in light of Kohn Law Group' arguments for revision and is of the opinion that its Order [320] and memorandum opinion [321] finding Kohn Law Group in civil contempt of court should stand without revision. The Court incorporates by reference all authorities and reasoning contained therein.

Despite the clear terms of the permanent injunction enjoining the parties—including Kohn Law Group—"from filing any proceedings against APMM relating to the interpleader fund without an order of this Court allowing the same," *see* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1, Kohn Law Group continued—and even now continues—to pursue the California district court case against APMM seeking the exact amount of the interpleader fund in its recently filed motion for summary judgment, as detailed in this Court's

3

memorandum opinion [321]. *See* Kohn Law Grp.'s Mot. Summ. J. [107 in No. 2:12-cv-08063-MWF-MRW] at 2 (Kohn Law Group "move[s] for summary judgment and the entry of judgment against [APMM] in the unpaid amount of $260,410.15 that APMM owes to Noatex Corporation . . . ."). This is not an inadvertent violation, but a willful violation of the Court's permanent injunction, which prohibits "any proceedings against APMM **relating to the interpleader fund**." *See* Ct.'s Order Granting APMM's Mot. Dismiss or Discharge Pl. [236] at 1 (emphasis added).

Kohn Law Group was aware of the terms of this Court's permanent injunction, and nonetheless pursued—and is pursuing—a proceeding against APMM relating to the interpleader fund. For these reasons and all the reasons aforestated in the Court's October 6, 2016 memorandum opinion [321], Kohn Law Group is thus in civil contempt of court.

THEREFORE, the Court ORDERS that Kohn Law Group's motion to revise and reverse [322] the Court's Order and memorandum opinion granting APMM's motion for enforcement of permanent injunction [282] is **DENIED**.

An order in accordance with this opinion shall issue this date.

THIS, the 7th day of December, 2016.

_____
SENIOR U.S. DISTRICT JUDGE