IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUTO PARTS MANUFACTURING MISSISSIPPI
INC., a Mississippi corporation						PLAINTIFF

v.								CIVIL ACTION NO. 1:11-cv-00251-GHD-SAA

KING CONSTRUCTION OF HOUSTON,
LLC, a Mississippi limited liability
company; NOATEX CORPORATION,
a California corporation; and KOHN LAW
GROUP, INC., a California corporation				DEFENDANTS

### MEMORANDUM OPINION GRANTING PLAINTIFF AUTO PARTS MANUFACTURING MISSISSIPPI INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL FOR REVIEW *IN CAMERA* AND DENYING DEFENDANT KOHN LAW GROUP'S MOTION TO STRIKE NEW MATTER IN APMM'S REPLY BRIEFS, OR ALTERNATIVELY, FOR LEAVE TO SUBMIT SURREPLY BRIEFING

Presently before the Court are Plaintiff Auto Parts Manufacturing Mississippi Inc. ("APMM")'s motion to file documents under seal for review *in camera* [330] and Defendant Kohn Law Group, Inc. ("Kohn Law Group")'s motion to strike new matter in APMM's reply briefs, or alternatively, for leave to submit surreply briefing [340]. Both motions are opposed and fully briefed. Upon due consideration, the Court finds that APMM's motion to file documents under deal for review *in camera* [330] should be granted, and Kohn Law Group's motion to strike new matter in APMM's reply briefs, or alternatively, for leave to submit surreply briefing [340] should be denied.

APMM has requested that sanctions be imposed against Kohn Law Group for its contempt of Court and that the sanctions include reimbursement to APMM of legal fees and expenses incurred in defending Kohn Law Group's pursuit of litigation in California in violation

1

of this Court's permanent injunction, as well as APMM's pursuit of contempt in the case *sub judice*. On December 12, 2016, APMM filed the present motion to file documents under seal for review *in camera* [330]. APMM seeks to submit for review *in camera* unredacted copies of all monthly invoices from Baker Hostetler, LLP for legal fees and expenses incurred in the case styled *Kohn Law Group v. Auto Parts Manufacturing Mississippi, Inc.*, CV 12-08063-MWF (MRWx), currently pending in the United States District Court for the Central District of California, as well as unredacted copies of all monthly invoices from Mitchell, McNutt & Sams, P.A. for legal fees and expenses incurred in the pursuit of contempt in this action.

Kohn Law Group's response in opposition to the present motion argues, *inter alia*, that the motion is improper, "because of the unfairness to Kohn Law [Group] by being deprived access to the same materials placed before the Court to decide the merits." Kohn Law Group's response further argues that APMM has failed to produce the necessary evidence showing that its lawyers' billing rates were reasonably in line with market rates for services of this kind. Kohn Law Group additionally states: "APMM has not attempted to demonstrate why its fee request could not have been supported with redacted copies of the time records, omitting any confidential information that APMM claims to be privileged or protected." Finally, APMM argues that "[b]y tendering its unredacted attorney records for *in camera* review, for a purpose other than deciding the claims of privilege and work product protection—to wit, for the avowed purpose of establishing the merits of its claim for attorney's fees—APMM also effectively waived the privilege and any protection for information contained in those records."

In its reply in support of the present motion, APMM argues it has already presented proof supporting the reasonableness of the hourly rates charged by its Mississippi and California counsel and is not required to submit declarations of attorneys who are not involved in this

2

litigation as to the reasonableness of the hourly rates. *See, e.g., Tollett v. City of Kemah, Tex.*, 285 F.3d 357, 367 (5th Cir. 2002). Nonetheless, APMM attaches to its reply affidavits of other attorneys supporting the reasonableness of its attorneys' hourly rates, specifically, declarations of Mississippi counsel Thomas A. Wicker, Esq. regarding the reasonableness of APMM's Mississippi attorneys' hourly rates and of California counsel Kim Karelis regarding the reasonableness of APMM's California attorneys' hourly rates. APMM further replies that it has not waived any privilege to information contained in its attorneys' billing invoices by submitting them for *in camera* review in support of its contempt motion, as no Fifth Circuit case law supports this conclusion. Finally, APMM attaches to its reply a copy of the redacted billing records of Mitchell, McNutt & Sams, P.A. and Baker & Hostetler, LLP. APMM reiterates that it requests permission to submit for *in camera* review the unredacted billing records of its attorneys for consideration in connection with its request for the imposition of sanctions.

On January 23, 2017, Kohn Law Group filed a motion to strike new matter in APMM's reply brief, or alternatively, for leave to submit surreply briefing [340], contending that the same contains new evidence and argument directly bearing upon the issue of sanctions. APMM has filed a response in opposition to this motion, and Kohn Law Group has filed a reply.

The Court finds as follows.

Rule 79(e) of the Local Uniform Civil Rules provides in pertinent part that a party submitting documents for *in camera* review must include a description of what is to be sealed; a specific request that the document be sealed; a statement of why sealing is necessary, why sealing is most appropriate, and why another procedure would not suffice; and references to governing case law. L. UNIF. CIV. RULES 79(e). In this case, in accordance with Local Rule

3

79(e), APMM has provided a description of the documentation to be made subject of *in camera* review, specifically requested that the Court conduct an *in camera* review of the documentation, stated that *in camera* review is necessary due to the attorney-client privilege, and made references to on-point case law.

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *DeStephano v. Broadwing Commc'ns, Inc.*, 48 F. App'x 103, at *2 (5th Cir. 2002) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). " 'The decision whether to conduct an *in camera* inspection is wholly within the discretion of the district court.' " *Kean v. Jack Henry & Assocs., Inc.*, 577 F. App'x 342, 348 (5th Cir. 2014) (per curiam) (quoting *Alford v. CIA*, 610 F.2d 348, 349 (5th Cir. 1980)). *In camera* review protects an attorney's private thoughts from "intrusion by opposing parties and their counsel" and hence protects those interests which lie at the heart of the attorney work product doctrine. *United States v. Nobels*, 422 U.S. 225, 236–39, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975).

The identity of a client is not normally within the attorney-client privilege, nor are matters involving the receipt of fees from a client usually privileged. *In re Grand Jury Proceedings*, 517 F.2d 666, 670–71 (5th Cir. 1975); *accord O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001). However, the client's ultimate motive for litigation or for retention of an attorney is privileged. *In re Grand Jury Proceedings*, 517 F.2d at 674–75. Confidential communications between attorney and client made in order to obtain legal assistance are also privileged. *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976). It stands to reason that invoices revealing the nature of the services provided, including the areas of legal research, and strategy are likewise privileged. *See In re Grand Jury Witness*, 695 F.2d 359,

362 (9th Cir. 1982).

In its discretion, the Court finds that the subject legal invoices are relevant to APMM's motion seeking the imposition of sanctions against Kohn Law Group and that the redacted invoices attached to APMM's reply in support of its motion indicate that the legal invoices contain privileged material properly subject to *in camera* review. *See* Redacted Legal Invoices [339-2 & 339-3]. Because APMM's request for sanctions includes the reimbursement of the incurred attorney's fees that are represented in the documentation, the Court finds that it is necessary and proper to conduct an *in camera* review of the billing records *in toto*. *See generally Pillar Panama, S.A. v. DeLape*, 326 F. App'x 740, 744 n.5 (5th Cir. 2009) (per curiam) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

With respect to Kohn Law Group's motion to strike new matter in APMM's reply briefs, or alternatively, for leave to submit surreply briefing [340], the matter contained in APMM's reply briefs relating to the *in camera* review of the legal invoices—which is the only issue decided in this opinion—shall not be stricken. No surreply is necessary to the Court's determination on this issue.

In sum, APMM's motion to file documents under seal for review *in camera* [330] shall be GRANTED, and APMM shall submit to the Court, under seal, unredacted copies of all invoices identified in the motion, said copies to remain under seal unless otherwise ordered by the Court. Kohn Law Group's motion to strike new matter in APMM's reply briefs, or alternatively, for leave to submit surreply briefing [340] shall be DENIED.

The Court shall address the sanctions issue once it has reviewed *in camera* the subject documentation. The parties have provided ample briefing on this issue. Thus, any further

5

briefing is unnecessary and superfluous to the Court's determination on the sanctions issue.

An order in accordance with this opinion shall issue this day.

THIS, the 3rd day of April, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE